FILED

**IN THE SUPERIOR COURT OF DOUGLAS COUNTY** MAR 23 2022
**STATE OF GEORGIA**

Annetta D. Stembridge, Clerk
Superior & State Court
Douglas County, GA

| | |
|---|---|
| 2018-4 IH Borrower LP, Invitation Homes | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     **CAFN: 21CV00969** |
| | ) |
| Jennifer Miller, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S AMENDED ANSWER, DEFENSES AND COUNTERCLAIMS

COMES NOW, Defendant *Jennifer Miller,* (hereinafter "Defendant") in the

above- styled case, and files this Amended Answer, Defenses and Counterclaims and

respectfully shows the Court as follows:

### ANSWER

1.

Defendant admits the averment in as set forth in paragraph 1 of Plaintiff's claim.

2.

Any allegation not expressly and specifically admitted herein shall be generally

denied.

### DEFENSES

### FIRST DEFENSE

As the First Affirmative Defense, the Defendant asserts Plaintiff's Failure to State

a Claim upon which relief can be granted, as the filing of this dispossessory is barred

under Federal Law. Plaintiff received and acknowledged receipt prior to filing this action

that the Defendant is a covered person under the CDC's agency order halting all eviction

actions. *(see exhibit A)*Plaintiff's wrongful conduct precludes it from seeking relief and Plaintiff's claim should be dismissed.

## SECOND DEFENSE

Plaintiff's complaint and each cause of action therein are barred by the doctrine of Equitable Estoppel. Plaintiff is barred, in whole or in part, from recovery to the extent that it or its agents have made statements or taken actions which estop them from asserting claims. Plaintiff's inconsistent and misleading behavior precludes seeking relief and the claim should be dismissed.

## THIRD DEFENSE

Plaintiff's complaint and each cause of action therein are barred by the Doctrineof Unclean Hands. The inequitable actions of the Plaintiff should bar recovery in this action.

## FOURTH DEFENSE

As the fourth affirmative defense, the Defendant asserts Act of God.Defendant has beendirectly impacted by theunforeseeable, unavoidable and uncontrollableevents surrounding a worldwide pandemic and economic crisis.

## FIFTH DEFENSE

As the fifth affirmative defense, the Defendant asserts Frustration of Purpose. Defendant has been directly impacted by the unforeseeable and unavoidable events surrounding a worldwide pandemic and economic crisis.

## SIXTH DEFENSE

As the sixth affirmative defense, the Defendant assertsImpossibility of Performance. Defendant's performance of the contract was made impossible through no

fault of their own due to unforeseeable events.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

Defendant asserts all defenses available under O.C.G.A. §9-11-12. Without waiving any of the above listed defenses, Defendant reserves the right to supplement this Answer with any additional Affirmative Defenses she may assert.

## DEFENDANTS' COUNTERCLAIMS

COMES NOW, Defendant named as *Jennifer Miller, and All Other Occupants* (hereinafter "Defendant"), and makes and files Counterclaims against Plaintiff and hereby petitions this Honorable Court for damages and other relief, as follows:

## JURISDICTION

Jurisdiction is proper as the counterclaims are brought in a dispossessory action that raises a Federal Question due to the barring of all dispossessory actions by a Federal Order under Section 361 of the Public Health Services Act 42 U.S.C. 264 and 42 CFR 70.2, (Congressional Act "THE CARES ACT" 120-day moratorium-from March 2020 to July 2020), The CDC's order from July 2020 to July 2021, President Joe Bidens Executive order extending the moratorium and the Supreme Court's Ruling that kept the CDC's order in place while deciding the vanity of the order.

## FIRST CLAIM FOR RELIEF

(MALICIOUS ABUSE OF PROCESS)

1.

Plaintiff wrongfully filed a suit when it knew or should have known that the claim was void and unenforceable due to Federal Order.

2.

Plaintiff's unlawful conduct intentionally, consciously and willfully misapplied the process of the court in order to obtain an objective to harass and intimidate the Defendant.

3.

Defendant is entitled to damages as one may recover damages arising from any wrongful and malicioususe of the court for a purpose it was never intended to effect.

4.

Additionally, Defendants is entitled to punitive damages, as the Plaintiff's conduct was willful. Willful misconduct in the filing of an unenforceable claim is established by the evidence that the Plaintiff knew the action was barred by Federal Order.

5.

In this malicious abuse of process, the Plaintiff is guilty of wanton, conscious and intentional disregard of the rights of Defendant. Such disregard is equivalent to legal malice justifying punitive damages.

## SECOND CLAIM FOR RELIEF

(TRESPASS)

6.

Plaintiff had the duty to abide by Federal Order and not to interfere with the Defendant's health, reputation, or property.

7.

Plaintiff unlawfully interfered with the property rights of the Defendant.

8.

Plaintiff's unlawful interference was intentionally and conscious and deprived the

Defendant of the right to the exclusive use and benefit of the subject property, thereby breaching the aforementioned duty. This breach occurred when the Plaintiff attempted to extinguish the Defendant's actual right of possession.

9.

Plaintiff previously stated intentional and conscious interference with the Defendant's right to the exclusive use and benefit of the subject property is the direct and proximate cause of Defendant's damages.

10.

Defendant is entitled to damages as one may recover damages arising from any wrongful, continuing interference with a right to the exclusive use and benefit of a property right.

11.

Additionally, Defendants is entitled to punitive damages, as the Plaintiff's conduct was willful.  Willful misconduct in the commission of the trespass is established by the evidence that the trespass was committed in relation to property which Plaintiff knew belong to someone else.

12.

In trespassing upon Defendant's property, the Plaintiff is guilty of wanton, conscious and intentional disregard of the rights of Defendant and Federal Law. Such disregard is equivalent to legal malice justifying punitive damages.

13.

Defendant is also entitled to an award of attorney fees pursuant to O.C.G.A. § 13-6-

11 which allows recovery of attorney fees where the Plaintiff has acted in bad faith, has been stubbornly litigious, or has caused the Defendantunnecessary trouble and expense. Every intentional tort invokes a species of bad faith and entitles a person so wronged to recover the expenses of litigation including attorney fees.

### THIRD CLAIM FOR RELIEF

(SATISFACTION)

14.

Defended as satisfy any and all debt owed to the Plaintiffs by being forced to advance all of her credit cards in the amount of approximately $16,000 dollars and has paid to the same to the Douglas County Registry of the Court.

15.

The Defendant has been injured and suffered credit loss of approximately 200 points in a lower credit score because of the actions of the Plaintiffs.

### FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

16.

On good information and belief, the Defendant has been made aware that the Plaintiffs had their most lucrative and successful economic year during the Covid-19 crisis because they receive federal benefits from the federal government not to initiate evictions.

18.

Plaintiffs intentionally, wontingly, and with malice forced be Defendant as well as hundreds of tenets to face eviction and to use extreme measures to stay in their homes

even to the point of fighting constructive an actual evictions while accepting federal money not to evict. **See attachment:**

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on any and all issues triable by a jury. The law in Georgia regarding the right to trial by jury is clear. In civil actions, the right to trial by jury exists only where the right existed prior to the adoption of the first Georgia Constitution.See,*Dept. of Transp. v. Del-Cook Timber Co.,* 248 Ga. 734 (1982); *Bell v. Cronic,* 248 Ga. 457 (1981); *Strange v. Strange,* 222 Ga. 44 (1966); *Metropolitan Cas. Ins. Co., etc. v. Huhn,* 165 Ga. 667 (1927);*Hill v. Levenson*, 259 Ga. 395 (1989) (O.C.G.A. § 5-3-29 provides that an appeal to the superior court in any case where not otherwise provided by law is a de novo investigation. Thus, the entire record from the lower court, and all competent evidence, whether adduced on a former trial or not, shall be considered. The right to jury trial on appeal is expressly given in O.C.G.A. § 5-3-30, which states, all appeals to the superior court or state court shall be tried by a jury." Therefore, the party is not being denied a jury trial, but instead, only endures a procedural delay in the magistrate court before receiving a jury trial on appeal to the state or superior court.).

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for the following relief:

    (a) All claims against Defendant be dismissed with prejudice;

    (b) That the Defendant's counterclaim for punitive damages be granted;

    (c) For other and further relief as Defendant may be entitled as provided under Georgia law;

(d) That Defendant has such other and further relief as is just and proper.

This 23rd day of March 2022.

Respectfully submitted,

_____
Jennifer Miller

912 Rock Hill Pkwy
Lithia Springs, GA 30122
Telephone Number: 404-748-0043

## Revenue for Invitation Homes (INVH)
**Revenue in 2021 (TTM): $1.99 B**

According to **Invitation Homes** 's latest financial reports the company's current revenue (TTM) is **$1.99 B.** In 2020 the company made a revenue of **$1.82 B** an increase over the years 2019 revenue that were of **$1.76 B.**The revenue is the total amount of income that a company generates by the sale of goods or services. Unlike with the earnings no expenses are subtracted.

## Revenue history for Invitation Homes from 2016 to 2021



companiesmarketcap.com

| Year | Revenue | Change |
|------|---------|--------|
| 2021 (TTM) | $1.99 B | 9.53% |
| 2020 | $1.82 B | 3.29% |

## IN THE SUPERIOR COURT OF DOUGLAS COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| 2018-4 IH Borrower LP, Invitation Homes | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **CAFN: 22MV01275** |
| | ) |
| Jennifer Miller, | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on this day, I served Plaintiff with a copy of the within

Defendant's Amended Answer, Defensesand Counterclaim by depositing the same with

the United States Postal Service, properly addressed and with adequate postage thereon

to:

Michelle Montgomery-Bumpers
Goggans, Stutzman, Hudson, Wilson & Mize, LLP
990 Hammond Drive, Suite 300
Atlanta, GA 30328

This 23rd day of March2022.

Respectfully submitted,

Jennifer Miller

912 Rock Hill Pkwy
Lithia Springs, GA 30122
Telephone Number: 404-798-0043